HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOCALS 302 AND 612 et al.,

    Plaintiff,

  v.

VALLEY GENERAL CONSTRUCTION LLC,

    Defendant.

CASE NO. C17-1878-RAJ

ORDER

This matter comes before the court on Plaintiff's Motion and Affidavit for Default Judgment. Dkt. # 9. The Court **GRANTS** the motion and directs the clerk to enter default judgment as directed at the conclusion of this order.

The court's role in reviewing a motion for default judgment is not ministerial. It must accept all well-pleaded allegations of the complaint as fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must submit evidence supporting a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of

ORDER – 1

mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Plaintiff is the authorized administrative agent for and assignee of a union trust fund. The evidence it has presented establishes that Defendant failed to pay contributions and dues owed to the trust. Dkt. # 9, ¶ 13. The evidence demonstrates that the amount of liability for the failure to pay contributions is $19,821.45, the liability amount for failure to pay dues is $980.60, plus interest in the amount of $1,225.13. The trust contribution terms, to which Defendant consented, also entitles Plaintiff to liquidated damages of 12% of the liability, or $2,378.57 in this case.

In addition, Plaintiff requests attorney fees and costs. Although Plaintiff's evidence of attorney fees includes the hourly fees of non-attorneys, Plaintiff has established that its counsel does not incorporate non-attorney work into his hourly rate, and has established that counsel actually bills Plaintiff for the work of non-attorneys. Dkt. # 6, ¶ 15. In accordance with *Trustees of the Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006), the court awards the hourly fees of both Plaintiff's counsel and counsel's hourly-billing support staff. The Court finds that Plaintiff's evidence supports an attorney fee award of $480 and costs of $557.50.

The clerk shall enter default judgment in accordance with this order.

Dated this 9th day of August, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 2